IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOE PRUITT     PETITIONER

vs.     CIVIL ACTION NO.: 1:13cv22-MPM-DAS

LAWRENCE MACK, et al.     RESPONDENTS

## MEMORANDUM OPINION AND ORDER

Petitioner, Joe Solomon Pruitt, Mississippi prisoner no. 128969 proceeding pro se, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254, seeking to challenge his State court conviction and sentence for armed robbery. Having considered the submission of the parties, the State court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied, for the reasons that follow.

**Facts and Procedural History**

Petitioner was indicted, along with James Person and Alonzo Jones, for the armed robbery of Renasant Bank in Smithville, Mississippi, on March 14, 2006. At Petitioner's trial, the prosecution alleged that two of the men entered the bank wearing ski masks, while the third man stayed in the vehicle, which was backed into a handicapped space in the bank's parking lot. One of the men who entered the bank had a gun, which was brandished during the robbery. After robbing the bank, the men fled in their vehicle. All three men were later located and arrested together. Jones and Person each gave statements to law enforcement implicating all three men in the armed robbery. Both Jones and Person pleaded guilty to armed robbery and testified against Petitioner at trial. Petitioner's defense was that the robbery was planned and executed without

his knowledge, and that he merely happened to be the driver when Jones and Person robbed the bank.

On March 7, 2007, Petitioner was convicted of armed robbery in the Circuit Court of Monroe County, Mississippi, and was sentenced to a term of thirty-five years in the custody of the Mississippi Department of Corrections.[1] Petitioner appealed his conviction and sentence raising only one issue, a *Batson*[2] challenge. On July 24, 2008, the conviction and sentence were affirmed. *See Pruitt v. State*, 986 So.2d 940 (Miss.App. 2008). Petitioner then attempted to seek federal habeas relief in this Court, raising a *Batson* claim and a claim that he had "newly discovered evidence" that would show a witness lied at his trial. *See Pruitt v. State of Mississippi*, Cause No. 1:09cv82-A-D. The Court dismissed the petition without prejudice based on Petitioner's failure to fully exhaust his claims prior to seeking federal habeas relief. *See id.,* 2009 WL 2482177 (N.D. Miss. August 11, 2009).

Petitioner subsequently sought post-conviction relief, and the Mississippi Supreme Court issued an order granting Petitioner leave to file a motion for post-conviction relief on the issue of whether a key witness had recanted his trial testimony against Petitioner. (*See* Respt's Exs. B and C, Cause No. 2010-M-265). Petitioner alleged that he had a sworn affidavit from co-defendant and trial witness, James Person, that stated Person, along with another co-defendant, had planned and executed the robbery of the bank without the participation of Petitioner. By order filed October 27, 2010, the trial court denied Petitioner's motion. (*See id.*, Ex. D). The

---

[1] Five years of Petitioner's sentence were suspended, leaving him with thirty years to serve in the custody of the Mississippi Department of Corrections. (R. at 83-84).

[2] *Batson v. Kentucky*, 476 U.S. 79 (1986) (prohibiting the exercise of peremptory challenges against potential jurors on the basis of their race).

court found that Person was not an indispensable witness, and that, therefore, his recanted testimony would not result in a different outcome for Petitioner. (*See id.*). On appeal, Petitioner argued that the rejection of this claim was error. The appellate court rejected Petitioner's claims and affirmed the circuit court's denial of his motion for post conviction relief. *See, e.g., Pruitt v. State*, 100 So.3d 971 (Miss.App. 2012), *reh'g denied*, August 28, 2012, *cert. denied*, November 8, 2012 (Cause No. 2010-CP-00265).

Petitioner filed the instant federal habeas petition on or about February 6, 2013, alleging that "there is new evidence of the recanted testimony of the state's key witness, James Person," that he was denied due process by the State court's failure to grant a hearing and ultimately grant relief on this issue, and that the he was denied the right to a fair trial. (*See* ECF no. 1, pp. 4-5).

**Legal Standard**

The Court's review of Petitioner's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

**Discussion**

Petitioner claims that he was denied due process by the State court's failure to hold an evidentiary hearing and grant relief on his claims based on the recanting affidavit of his co-

defendant. However, the Supreme Court has determined that a state court's decision not to hear a "newly discovered evidence" claim will violate due process only where the decision transgresses "a principle of fundamental fairness 'rooted in the traditions and conscience of our people.'" *Herrera v. Collins*, 506 U.S. 390, 411 (1993). To the extent Petitioner attempts to claim actual innocence of the crime in order to meet that standard, the Court notes that such claims "have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera*, 506 U.S. at 400; *Coleman v. Thaler*, 2013 WL 2264347 (5th Cir. May 23, 2013); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). Rather, actual innocence is a "gateway" claim made by petitioners in order to receive review of an otherwise procedurally barred claim. *See, e.g., Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). There are no procedural bars at issue in Petitioner's case, and Petitioner is not entitled to habeas relief based on a claim of actual innocence.

The Fifth Circuit has noted that the Supreme Court has left open the possibility that a "truly persuasive actual innocence claim" could establish a constitutional violation in a capital case. *Graves*, 351 F.3d at 151 (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)). However, this is not a capital case. Additionally, such a claim could be the basis for federal habeas relief only if there was no available state procedure for making such a claim. *Herrera*, 506 U.S. at 417. Mississippi law provides for claims of new evidence in its post-conviction statutes. *See, e.g.,* Miss. Code Ann. § 99-39-27(9).

Moreover, Petitioner's evidence is not "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" such that "it is more likely than not that no

4

reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006); *White v. Thaler*, 2013 WL 1442568 (5th Cir. April 1, 2013) (finding that even if freestanding claim of actual innocence were cognizable in federal habeas, evidence presented would not be sufficient to merit relief "even under the *Schlup* standard of review"). Rather, Petitioner's evidence is recantation evidence, which is viewed with extreme suspicion. *Baldree v. Johnson*, 94 F.3d 659, 663 (5th Cir. 1996); *May v. Collins*, 955 F.2d 299, 314 (5th Cir. 1992).

At Petitioner's trial, both Jones and Person testified that Petitioner entered the bank with a gun and robbed it with Person, while Jones stayed in the car. Two bank employees testified that they knew Jones prior to the robbery, as he had been an employee of Loomis, an armored car company that made deliveries to the bank. They testified that the men who robbed the bank were too large to be Jones. Therefore, even accepting Person's sworn statement as true, it is not probable that it would have produced a different verdict. *See Dobbert v. Wainwright*, 468 U.S. 1231, 1233-24 (1984) (Brennan, J., dissenting from the denial of certiorari). In sum, Petitioner has not demonstrated that the decision rejecting his claim is unreasonable, and habeas relief will be denied.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which

5

Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court finds that a COA should be denied in this case.

## Conclusion

The Court determines that none of the claims raised by Petitioner warrant federal habeas relief. It is hereby ordered that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any pending motions are dismissed as moot. A final judgment in accordance with this opinion and order will issue today.

**SO ORDERED, THIS** the 11th day of July, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**